UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN MAXEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: 1:21-CV-881 ) ) |
| CORNERSTONE ASSOCIATES, L.L.C. and JENNA METCALFE, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff, Steven Maxey ("Mr. Maxey"), by counsel, for his Complaint against Defendants, Cornerstone Associates, L.L.C. ("Cornerstone") and Jenna Metcalfe ("Ms. Metcalfe"), states as follows:

**JURISDICTION AND PARTIES**

1. This Complaint raises federal questions, and this Court has jurisdiction over this Complaint by virtue of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.*, as amended, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, as amended, and Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq. Therefore, this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. 1331.

2. The Southern District of Indiana, Indianapolis Division, is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and is the

judicial district in which Cornerstone conducted the majority of its business at the time of the events or omissions giving rise to the claims.

3. Mr. Maxey is an individual residing in Greenwood, Indiana, and at all times relevant to this Complaint was an employee of Cornerstone.

4. Cornerstone is a single-member Indiana limited liability company with its principal place of business located at 6401 N. County Road 940 W, Middletown, Indiana 47356. Dr. Marta Metcalfe ("Dr. Metcalfe") is the sole member of Cornerstone.

5. Ms. Metcalfe is Cornerstone's Director of Community Supports and is the perpetrator of offenses described herein.

## GENERAL FACTS

6. Cornerstone offers community, home, or facility-based services to adults and children with autism, intellectual disabilities, brain and spinal cord injuries or challenges due to aging or illness.

7. Mr. Maxey was employed in various roles at Cornerstone for more than twenty (20) years. He was the Chief Operations Officer when he was terminated.

8. In 2017, Dr. Metcalfe's daughter-in-law, Ms. Metcalfe, began fabricating stories and/or reporting half truths when it came to Mr. Maxey's activities. For example, Ms. Metcalfe reported to Mr. Maxey that a supervisor had falsified his time sheets and that Dr. Metcalfe wanted Mr. Maxey to speak with that supervisor. After Mr. Maxey spoke to the supervisor, he met with Dr. Metcalfe who expressed frustration with Mr. Maxey for having spoken with the supervisor.

9. Ms. Metcalfe would make negative comments about clients to newly hired staff before they would begin working with those clients and would leave certain known fall-risk clients unattended.

10. On March 16, 2020, Cornerstone associates held an administrative staff meeting to discuss plans to move forward in response to the COVID-19 virus. Each staff member was given the option of working from home or in the office. Dr. Metcalfe, Ms. Metcalfe, and Kyle Metcalfe later met with Mr. Maxey privately and notified him that he would be working from home due to his age, breathing difficulties, and other health concerns.

11. In early August 2020, Dr. Metcalfe and Ms. Metcalfe met with Mr. Maxey and explained to him that his role in the agency was going to change, and Marc Withers would be assuming his role. Dr. Metcalfe stated the reason for these changes was Mr. Maxey's declining health. On October 1, 2020, Marc Withers admitted to Mr. Maxey that he had been hired to replace him.

12. Marc Withers is substantially younger than Mr. Maxey.

13. On October 2, 2020, Dr. Metcalfe sent a text to Mr. Maxey stating that he had an important e-mail that he needed to read. The e-mail was to advise Mr. Maxey of his termination.

14. Cornerstone has continuously employed more than fifteen (15) employees. Therefore, Cornerstone is a covered entity under the ADA.

15. At all relevant times hereto, Cornerstone has continuously been an employer engaged in an industry affecting commerce as defined under the ADA.

16. Cornerstone is an "employer" as that term is defined in 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b) of the ADEA.

17. At all times relevant to this Complaint, Mr. Maxey was an "employee" as that term is defined in 42 U.S.C. § 2000e(f) and Title VII and 29 U.S.C. § 630(f) of the ADEA.

18. On January 26, 2021, Mr. Maxey filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

19. On January 28, 2021, the EEOC issued to Mr. Maxey a Notice of Right to Sue, and Mr. Maxey brings this cause of action in the United States District Court within ninety (90) days of receipt of that Notice.

20. Mr. Maxey has satisfied the preconditions to suit and has timely filed his Complaint in the United States District Court.

## COUNT I

21. Mr. Maxey hereby incorporates by reference the allegations set forth in paragraphs 1 through 20 as though fully restated herein.

22. Mr. Maxey is a qualified individual with a disability and is able to perform the essential functions of at least two positions at Cornerstone with or without reasonable accommodations.

23. Cornerstone terminated Mr. Maxey based on his disability.

24. Cornerstone has in effect articulated that Mr. Maxey would pose a direct threat to himself or others if his employment with Cornerstone continued. However, Cornerstone has not identified sufficient and objective facts about how specifically Maxey's employment would pose a direct threat.

25. Cornerstone did not provide reasonable accommodations to Mr. Maxey's disability.

26. Cornerstone either refused to modify existing positions or reassign Mr. Maxey to vacant positions within the company.

27. Consequently, Cornerstone violated its duty under Title I of the ADA to provide equal employment opportunity to Mr. Maxey.

28. Specifically, Cornerstone's employment actions were unlawfully based on Mr. Maxey's disability. Cornerstone both failed to demonstrate that Mr. Maxey's employment would

pose a direct threat to himself or others and failed to explore and correspondingly provide reasonable accommodations to Mr. Maxey. Such actions are in direct violation to Title I of the ADA and are unlawful.

29. Cornerstone's actions were intentional, willful, and taken with reckless disregard of Mr. Maxey's legal rights as protected by Title VII.

30. Mr. Maxey has suffered and will continue to suffer harm as a result of Cornerstone's unlawful actions.

## COUNT II

31. Mr. Maxey hereby incorporates by reference the allegations set forth in paragraphs 1 through 30 as though fully restated herein.

32. Cornerstone terminated Mr. Maxey on the basis of his age.

33. Cornerstone discriminated against Mr. Maxey on the basis of his age.

34. Cornerstone's actions were intentional, willful, and taken with reckless disregard of Mr. Maxey's legal rights as protected by the ADEA.

35. Mr. Maxey has suffered and will continue to suffer harm as a result of Cornerstone's unlawful actions.

## COUNT III

36. Mr. Maxey hereby incorporates by reference the allegations set forth in paragraphs 1 through 35 as though fully restated herein.

37. Ms. Metcalfe was physically and verbally hostile toward Mr. Maxey in order to harass and intimidate him.

38. Ms. Metcalfe's harassment continued until Cornerstone terminated Mr. Maxey.

39. Ms. Metcalfe's actions as stated herein and otherwise caused Mr. Maxey severe emotional distress, outrage and embarrassment.

40. Accordingly, Mr. Maxey is entitled to compensatory, special and punitive damages resulting from Ms. Metcalfe's actions as stated herein and otherwise.

41. Ms. Metcalfe's actions herein were performed willfully and maliciously.

42. The actions of Ms. Metcalfe as describe herein and otherwise constitute workplace harassment, retaliation, assault, battery, and intentional infliction of emotional distress.

43. Cornerstone had full knowledge of Ms. Metcalfe's offensive behavior. Nevertheless, Cornerstone failed to put an end to the hostile work environment.

44. Ms. Metcalfe's and Cornerstone's actions herein constitute workplace harassment, retaliatory discharge, and intentional infliction of emotional distress.

45. As a result of Ms. Metcalfe's and Cornerstone's actions herein, Mr. Maxey has been damaged emotionally, physically, and financially.

WHEREFORE, Plaintiff, Steven Maxey, respectfully requests the Court to grant him the following relief:

    a. An Order declaring that Defendants intentionally violated Mr. Maxey's rights under Title VII, the ADEA and the ADA;

    b. All compensatory damages, including, but not limited to, all wages, salary, employment benefits, and/or compensation denied to or lost by Mr. Maxey as a result of Defendants' unlawful actions;

    c. Damages for emotional distress and/or pain and suffering;

    d. Punitive damages;

    e. Attorney's fees and costs;

    f.      Pre- and post-judgment interests to the extent authorized by law; and

    g.      Other relief that is just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Steven Maxey, requests a trial by jury in the above cause of action.

Respectfully submitted,

*/s/ John J. Morse*
John J. Morse
MORSE & BICKEL, P.C.
320 North Meridian Street
Suite 600
Indianapolis, IN  46204
Phone:  (317) 686-1540
Fax:  (317) 686-1541
Morse@MorseBickel.com

*Counsel for Plaintiff, Steven Maxey*